UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREEN MOUNTAIN INSURANCE COMPANY, INC., <br><br> Plaintiff <br><br> v. <br><br> NATIONAL INTERSTATE INSURANCE COMPANY, <br><br> Defendant <br><br> and <br><br> GARY BOONE, <br><br> Party-in-Interest. | Case No. 25-cv-10467-DJC |

**MEMORANDUM AND ORDER**

**CASPER, C.J.**                                                                                                              **October 28, 2025**

**I.      Introduction**

Plaintiff Green Mountain Insurance Company, Inc. ("Green Mountain") has filed this lawsuit against Defendant National Interstate Insurance Company ("NIIC") seeking declaratory judgment to vacate Arbitration Forums, Inc. ("Arbitration Forums")'s arbitration award of $178,472.39 to NIIC against Green Mountain. D. 1. NIIC has moved to dismiss Green Mountain's complaint and to confirm the arbitration award. D. 21. For the reasons stated below, the Court ALLOWS NIIC's motion.

1

II.    **Standard of Review**

    A.    <u>**Dismissal for Failure to State a Claim under Rule 12(b)(6)**</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. <u>García-Catalán v. United States</u>, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. <u>Id.</u> Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. <u>Id.</u> Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011)). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

III.    **Factual Background**

The following facts are drawn from Green Mountain's complaint, D. 1, and Arbitration Forums's Rules of which the Court takes judicial notice, D. 11-2 at 12-23.[1] The facts are accepted as true for the purpose of resolving the motion to dismiss.

---

[1] Green Mountain contends that NIIC "is attempting to incorporate documents that were improperly included in [former Defendant (now dismissed)] Arbitration Forums's [m]otion to [d]ismiss." D. 25 at 5. At the motion to dismiss stage, the Court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." <u>Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint.'" <u>Id.</u> (quoting <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993)). The Court takes judicial notice of the Arbitration Forums Rules, D. 11-2 at 13-23, that governed the parties' arbitration because they are

On or about March 22, 2023, Gary Boone ("Boone") and Andrew Johnson ("Johnson") were involved in a motor vehicle accident in Cambridge, Massachusetts. D. 1 ¶ 9. Green Mountain insured Johnson and his vehicle, and NIIC was Johnson's workers' compensation carrier. Id. ¶¶ 10-11. On or about June 15, 2023, Green Mountain received a workers' compensation lien from NIIC for $7,113.76. Id. ¶ 12.

On or about November 7, 2023, NIIC submitted an arbitration request to Arbitration Forums against Green Mountain seeking to recover the workers' compensation benefits paid to Boone related to the motor vehicle accident. Id. ¶ 13. Arbitration Forums's arbitrations are governed by the Arbitration Forums Rules. D. 1 ¶ 14; see D. 11-2 at 13.

On or about February 14, 2024, NIIC filed an intercompany arbitration demand (the "Arbitration") for $178,472.39, and included the medical records, bills and dashcam footage from the motor vehicle accident. D. 1 ¶ 17. As alleged, NIIC did not provide Green Mountain any supporting documents or evidence, including medical records, bills or dashcam footage from the accident, prior to or after filing the Arbitration. Id. ¶¶ 15, 18. Green Mountain also alleges Arbitration Forums's platform did not allow Green Mountain to access any evidence submitted by NIIC. Id. ¶¶ 16, 19.

The same day NIIC filed the Arbitration, on or about February 14, 2024, Green Mountain allegedly requested a one-year deferment from Arbitration Forums to collect and review NIIC's evidence. Id. ¶ 20. Arbitration Forums's Rules define "evidence" as "[a]ll documentary or

---

"central" to Green Mountain's claims regarding its request for evidence and a one-year deferment of the arbitration, Green Mountain "sufficiently referred to [the rules] in the complaint," see D. 1 ¶¶ 14, 21-22, 32, nor does it appear that Green Mountain disputes their authenticity, see D. 25 at 4-5. The Court, however, will not consider the declaration by Michelle Bouchelhi ("Bouchelhi"), see D. 11-1, or the administration record related to the parties' arbitration, where they do not fall within any of the exceptions for considering documents outside of the complaint on a Rule 12(b)(6) motion.

physical evidence submitted by a party. Parties are not permitted to see an opponent's evidence, except for evidence related to supplemental damages. Arbitrators are only permitted to consider evidence properly submitted by the parties." D. 11-2 at 22. Arbitration Forums Rule 2-10 provides that each party may seek a one-year deferment, but if that request is denied, "the case will continue as not deferred" and "the arbitrator will continue to hear the disputed issues." D. 11-2 at 16; see D. 1 ¶ 21. Arbitration Forums allowed Green Mountain's deferment but only for one month. D. 1 ¶ 22.

On or about February 20, 2024, Green Mountain emailed NIIC requesting all evidence supporting its workers' compensation claim. Id. ¶ 23. NIIC did not respond. Id. On or about March 18, 2024, Green Mountain contacted Arbitration Forums regarding issues with Arbitration Forums's platform, which Green Mountain alleges prevented it from accessing NIIC's supporting evidence. Id. ¶ 24. As alleged, Arbitration Forums instructed Green Mountain to obtain the evidence from NIIC prior to the Arbitration. Id. The same day, on or about March 18, 2024, Green Mountain called NIIC to request its supporting evidence and NIIC informed Green Mountain that it would not release any evidence without a subpoena. Id. ¶¶ 25-26. Green Mountain alleges that it was unable to access evidence from NIIC or Arbitration Forums prior to the Arbitration. Id. ¶ 27.

On or about May 7, 2024, Arbitration Forums awarded NIIC $178,472.39 against Green Mountain. Id. ¶ 28.

## IV.   Procedural History

Green Mountain instituted this action on February 26, 2025. D. 1. NIIC has now moved to dismiss. D. 21. The Court heard the parties on the pending motion and took the matter under advisement. D. 38.

V.      **Discussion**

NIIC's primary argument is that Green Mountain's complaint should be dismissed because Green Mountain's request to vacate the arbitration award is untimely under either the Massachusetts Uniform Arbitration Act for Commercial Disputes ("MUAA") or the Federal Arbitration Act ("FAA"). D. 22 at 2, 6.

A.      **Application of the MUAA and the FAA**

"A federal court's authority to defenestrate an arbitration award is extremely limited." Mountain Valley Prop., Inc. v. Applied Risk Serv., Inc., 863 F.3d 90, 93 (1st Cir. 2017) (quoting First State Ins. Co. v. Nat'l Cas. Co., 781 F.3d 7, 11 (1st Cir. 2015)). In seeking a declaratory judgment, Green Mountain relies upon Massachusetts state law regarding when a court can set aside an arbitration award. D. 1 ¶ 31.[2] Under the MUAA, an application to vacate an arbitration award "shall be made within thirty days after delivery of a copy of the award to the applicant, but, if such application is predicated upon corruption, fraud, or other undue means, it shall be made within thirty days after such grounds are known or should have been known." Mass. Gen. L. c. 251 § 12(b). "This period begins to run upon 'the delivery of the arbitration award,' not the issuance of the 'final decision.'" Ribadeneira v. New Balance Athletics, Inc., 65 F. 4th 1, 13 (1st Cir. 2023) (quoting Maltz v. Smith Barney, Inc., 427 Mass. 560, 562 n.8 (1998)).

Green Mountain's opposition, however, relies upon the FAA and the doctrine of equitable tolling to argue that its complaint is timely. D. 25 at 5-7. Under the FAA, "[n]otice of a motion

---

[2] As NIIC notes, D. 22 at 2 n.1, Green Mountain's complaint invokes Massachusetts state law but incorrectly cites Mass. Gen. L. c. 150C § 11, a statute regarding a court's ability to vacate an arbitration award pursuant to collective bargaining agreements between labor organizations and employers. See Mass. Gen. L. c. 150C §§ 1, 11. The applicable Massachusetts statute here is the Massachusetts Uniform Arbitration Act for Commercial Disputes. See Mass. Gen. L. c. 251 §§ 1, 12.

to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12; see generally Miller v. Cotter, 448 Mass. 671, 677 (2007) (noting that the FAA's "language is remarkably similar to [the MUAA]"); Walker v. Collyer, 85 Mass. App. Ct. 311, 316-17 (2014) (explaining that, in deciphering the MUAA, courts "give strong weight to . . . decisions applying the Federal Arbitration Act").  Even applying the FAA, NIIC notes that Green Mountain's complaint was filed months after the deadline to vacate the arbitration award.  See D. 1 at 1 (complaint filed February 26, 2025) & ¶ 28; D. 22 at 6.

### B. Even if the Equitable Tolling Doctrine Applies Under the FAA, the Complaint is Still Untimely

Green Mountain contends that even if its complaint is otherwise untimely, it is saved by the application of equitable tolling.  See D. 25 at 5-7.  Under the FAA, Green Mountain's deadline to seek vacatur was three months after May 7, 2024, or on or about August 7, 2024.  See 9. U.S.C. § 12.  Green Mountain, however, filed its complaint on February 26, 2025, several months after the FAA deadline.  See D. 1.  Green Mountain, therefore, failed to contest the arbitration award within the requisite time period provided by the FAA.  See Sunlink Corp. v. Am. Cap. Energy, Inc., No. 15-cv-13606-ADB, 2016 WL 7173754, at *5-6 (D. Mass. Dec. 8, 2016) (concluding that the defendant's efforts to contest the arbitration award were time-barred under both the MUAA and the FAA and confirming the arbitration award).

Green Mountain argues that the doctrine of equitable tolling extends the FAA's three-month period to vacate an award where warranted by extraordinary circumstances, notwithstanding the First Circuit's lack of a definitive ruling on the application of the doctrine to FAA cases.  D. 25 at 5-6; see Fradella v. Petricca, 183 F.3d 17, 21 (1st Cir. 1999) (noting that the court "need not consider whether the deadline prescribed in FAA § 12 is subject to such equitable

6

tolling, since [appellant had] not generated a trialworthy issue as to his entitlement to invoke tolling").[3] Under federal law, the doctrine of equitable tolling requires the requesting party to show "(1) that [the plaintiff] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Bah v. Enter. Rent-A-Car Co. of Bos., LLC, 699 F. Supp. 3d 133, 138 (D. Mass. 2023) (quoting Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010)).  Moreover, "the First Circuit has identified five criteria that courts may consider 'as factors within the Supreme Court's two-part standard:'  (1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit." Id. (quoting Neves, 613 F.3d at 36 n.5).  The "diligence prong" includes "affairs within the litigant's control" and the "extraordinary-circumstances prong" includes "matters outside [a litigant's] control." Id. (quoting Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 257 (2016); see Fradella, 183 F.3d at 21 (noting that "[n]ormally, a statutory limitations period is tolled only if, for example, extraordinary circumstances beyond the claimant's control prevented timely filing, or the claimant was materially misled into missing the deadline").

Even assuming *arguendo* that equitable tolling applies to the FAA, Green Mountain's argument fails.  Green Mountain's argument that equitable tolling is applicable because it pursued its rights diligently in filing this action to set aside the arbitration award and that extraordinary circumstances prevented it from acting sooner, see D. 25 at 6-7, is unsupported even accepting the allegations in the complaint as true.  With respect to the diligence prong, Green Mountain first relies upon its requests to NIIC and Arbitration Forums for a copy of NIIC's evidence, id. at 8, but

---

[3] Given that Green Mountain does not rely upon the MUAA for timeliness or equitable tolling, the Court confines its analysis here to the FAA.

these requests were made before Arbitration Forums's issuance of the arbitration award on May 7, 2024 and, therefore, do not speak to Green Mountain's pursuit of its rights for vacatur of that award. See D. 1 ¶¶ 23-25. The complaint is devoid of any allegations regarding actual or constructive lack of notice of the three-month deadline to move to vacate the arbitration award under the FAA or why Green Mountain waited nine months after the arbitration award was issued to seek vacatur when, even as alleged, it was aware by March 2024 that NIIC submitted evidence to Arbitration Forums that Green Mountain claimed it was entitled to and had not received. See id. ¶¶ 17-19, 23-26. Green Mountain also argues that it requested a one-year deferment and that Arbitration Forums's denial of that request meant it "could not seek alternative means to obtain [the] evidence within such a short timeframe." D. 25 at 6; see D. 1 ¶¶ 20-22. Green Mountain's attempts to obtain NIIC's evidence and a one-year deferment prior to Arbitration Forums's final award decision at most speak to its diligence during the arbitration process and not as to secure vacatur in a timely manner following the May 7, 2024 award. Cf. NuVasive, Inc. v. Absolute Med., LLC, 642 F. Supp. 3d 1320, 1330 (M.D.F.L. 2022) (concluding that plaintiff demonstrated it diligently pursued its rights "every step following issuance of the [f]inal [a]ward by the arbitration panel"), aff'd, 71 F. 4th 861 (11th Cir. 2023); Eletson Holdings, Inc. v. Levona Holdings Ltd., No. 23-cv-7331-LJL, 2024 WL 4100555, at *15 (S.D.N.Y. Sept. 6, 2024) (noting that "[w]ith respect to diligence, a party must act "as diligently as reasonably could have been expected under the circumstances" and "throughout the period he seeks to toll") (quoting Harper v. Ercole, 648 F.3d 132, 139 (2d Cir. 2011)) (emphasis omitted).

    Green Mountain also claims that "in an effort to obtain [the] evidence by other means, [Green Mountain] has communicated numerous times with Boone's counsel in the Negligence Action to obtain this material" and "despite diligent attempts, it was only mere weeks ago that

8

[Green Mountain] obtained the dashcam footage and some of the other evidence NIIC offered against [Green Mountain] in the Arbitration." D. 25 at 7. As NIIC emphasizes, see D. 32 at 3 & n.1, these facts are not alleged in the complaint. See Decoulos v. Town of Aquinnah, No. 17-cv-11532-ADB, 2018 WL 3553351, at *12 (D. Mass. July 24, 2018) (rejecting plaintiff's attempt to "bolster" allegations in the amended complaint by adding facts in opposition to motion to dismiss). Even considering them, Green Mountain acknowledges that the evidence it was seeking from Boone's counsel is the same evidence it sought from NIIC and Arbitration Forums during the Arbitration, which, again, it claimed it was entitled to as of February 2024. See D. 25 at 7; see D. 1 ¶¶ 23-25. Green Mountain could have timely moved to vacate the arbitration award based on the same grounds it asserted in its February 2025 complaint—that NIIC and Arbitration Forums "were required to provide Green Mountain with a reasonable opportunity to review NIIC's supporting evidence before the Arbitration" and that Arbitration Forums's denial of Green Mountain's request for a one-year deferment was "contrary to Arbitration Forums's policies and prevented Green Mountain from obtaining access to NIIC's supporting evidence prior to the Arbitration," D. 1 ¶ 32—even as it continued its attempts to obtain the evidence from Boone. See Pfannestiel v. Merrill Lynch, Pierce, Fenner & Smith, 477 F.3d 1155, 1158 (10th Cir. 2007) (declining to apply equitable tolling where plaintiff learned one month prior to the expiration of the three-month FAA deadline that the evidence used by the arbitration panel that it sought had been lost and plaintiff failed to timely move to vacate despite having "ample opportunity" to do so).

Additionally, no extraordinary circumstances warrant the application of equitable tolling. Green Mountain first asserts it could not have filed suit sooner due to extraordinary circumstances outside its control, including that NIIC and Arbitration Forums did not provide it with evidence

9

prior to, during or after the Arbitration and that Arbitration Forums denied its request for a one-year deferment. D. 25 at 7. Pursuant to Arbitration Forums's Rules, "[p]arties are not permitted to see an opponent's evidence, except for evidence related to supplemental damages." D. 11-2 at 22; see D. 1 ¶¶ 16, 19. Although Green Mountain insists that it lacked access to evidence to "properly defend itself," amounting to extraordinary circumstances, see D. 25 at 7, Green Mountain does not allege in its complaint that it was entitled to same under the Rules. And, even assuming *arguendo* that was alleged in its complaint, Green Mountain was aware of its inability to access NIIC's evidence and of the denial of its request for a one-year deferment by March 2024. See D. 1 ¶¶ 22-26. Accordingly, Green Mountain had "more than adequate time to file [a timely suit to vacate the award] but failed to do so." See Domnarski v. USB Fin. Servs., Inc., 919 F. Supp. 2d 183, 187 (D. Mass. 2013) (concluding that plaintiff was "hardly unaware of an obligation to proceed expeditiously," not entitled to equitable tolling, even if applicable to the FAA, and that plaintiff's motion to vacate was untimely); Fradella, 183 F.3d at 21-22 (declining to apply equitable tolling and affirming district court's denial of motion to vacate arbitration award where "[t]he decision to delay the motion to vacate was made by [plaintiff]").

Green Mountain also introduces in its opposition new facts regarding its receipt of evidence from Boone's counsel, see D. 25 at 3, noting that it "first became aware on or about February 7, 2025 that the Arbitration was decided on undue means when it, for the first time, obtained a copy of the dashcam footage submitted by NIIC" which "shows a much different [a]ccident that does not appear to warrant the Arbitration award awarded to NIIC," id. at 7. Even if the Court were to consider these additional facts, Green Mountain was aware as of March 2024 that NIIC had submitted the dashcam footage to Arbitration Forums as evidence for consideration in the Arbitration and that it was not provided that evidence. See D. 1 ¶¶ 17-19, 23-26. The fact that

Green Mountain did not receive and view the dashcam footage until February 2025 does not amount to extraordinary circumstances beyond Green Mountain's control where Green Mountain was aware of its existence, that it had been submitted as evidence to be considered in the Arbitration and that the alleged withholding of same is the basis of Green Mountain's complaint. See e.g. Domnarski, 919 F. Supp. 2d at 187 (concluding that there were no extraordinary circumstances beyond plaintiff's control); cf. Eletson Holdings, 2024 WL 4100555, at *16-18 (concluding that extraordinary circumstances existed where petitioner prevented respondent from filing earlier because it withheld critical evidence, "its principal lied under oath about the facts to which evidence related, and it then constructed extraordinary barriers to prevent [respondent] from uncovering the evidence of that fraud until after the statute of limitations period for moving to vacate had expired"); NuVasive, 642 F. Supp. 3d at 1330 (concluding that extraordinary circumstances existed where "it was [] clear that Defendants were intentionally attempting to run out the clock on Plaintiff's time to file a motion to vacate by failing to produce the documents that could show misconduct during arbitration").  Green Mountain had the opportunity to move to vacate the arbitration award in a timely manner months earlier than it did relying upon the same basis and "[e]quitable tolling is reserved for circumstances where a litigant has 'no fault or lack of diligence.'" Bah, 699 F. Supp. 3d at 144 (quoting Neves, 613 F.3d at 36).

     For these reasons, the Court concludes Green Mountain did not diligently pursue its rights and extraordinary circumstances did not stand in its way to warrant the application of equitable tolling. See id. Accordingly, the Court concludes Green Mountain's complaint is not timely under the FAA.

### C.    No Plausible Basis Alleged to Set Aside the Arbitration Award

Even if the Court had determined that Green Mountain's complaint was timely, which it has not, NIIC urges the Court to dismiss the complaint because Green Mountain "has failed to allege any factual basis sufficient to set aside a valid arbitration award in contravention of the strong public policy favoring arbitration." D. 22 at 2, 7-9. The Court addresses this argument for the sake of completeness.

Pursuant to the FAA, "federal courts are authorized to vacate an arbitral award only when (1) 'the award was procured by corruption, fraud, or undue means,' (2) 'there was evident partiality or corruption' on the part of the arbitrator, (3) the arbitrator is guilty of misconduct that prejudices the rights of a party, including refusing to postpone the hearing when sufficient cause has been shown and refusing to hear evidence that is 'pertinent and material to the controversy,' or (4) the arbitrator exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Axia Netmedia Corp. v. Mass. Tech. Park Corp., 973 F.3d 133, 140 (1st Cir. 2020) (quoting 9 U.S.C. § 10(a)).

Here, Green Mountain does not allege, and there is no indication in the present record, that the award was procured by corruption, fraud or that there was "evident partiality or corruption on the part of the arbitrator," id. Green Mountain instead argues that it has sufficiently alleged that the arbitration award "was procured by undue means or some other misbehavior which severely prejudiced" it by depriving it of a fair hearing because "it could not present arguments in defense of itself, when it had no available evidence to review and use." D. 25 at 8-9. Green Mountain's complaint alleges that NIIC did not provide it with supporting documents or evidence, including medical records, bills and dashcam footage, and that it was unable to access those materials from Arbitration Forums. See D. 1 ¶¶ 15-19, 24, 26. Per the governing arbitration rules, however,

"[f]ormal rules of evidence [did] not apply" and Green Mountain was not permitted to see an opposing party's evidence unless the evidence was "related to supplemental damages," which Green Mountain does not allege. See D. 11-2 at 18, 22. At any rate, this is not a case where the arbitrator "refus[ed] to hear evidence that is 'pertinent and material to the controversy,'" Axia Netmedia, 973 F.3d at 140 (quoting 9 U.S.C. § 10(a)), because, as acknowledged by Green Mountain, the evidence it received in February 2025 from Boone's counsel was offered by NIIC against it in the Arbitration prior to the arbitrator's determination of the final award. See D. 25 at 7; see Hewlett v. Int'l Bus. Machs. Corp., 636 F. Supp. 3d 260, 264 (D. Mass. 2022) (noting that "[t]he court may only vacate an arbitration award if the arbitrator's refusal to hear evidence is 'in bad faith or so gross as to amount to affirmative misconduct'" and concluding vacatur was not warranted where arbitrator did not view specific documents at issue but considered the evidence, including detailed descriptions of documents at issue, before denying plaintiff relief from judgment) (quoting United Paperworkers Int'l Union AFL-CIO v. Misco, Inc., 484 U.S. 29, 40 (1987)).

Green Mountain also contends that the arbitration award was procured by undue means and due to Arbitration Forums's misconduct because Arbitration Forums only gave Green Mountain a one-month deferment instead of a one-year deferment. D. 25 at 8; D. 1 ¶ 22. Nothing alleged here, however, regarding the arbitrator's denial of that request suggests the arbitrator engaged in misconduct given that it was within its discretion to allow or grant a deferment. See D. 11-2 at 16 (Rule 2-10 describing process to be followed based on allowance or denial of deferment); see Axia Netmedia, 973 F.3d at 141 (noting that if "the arbitrator was even arguably . . . acting within the scope of [his] authority, the award must stand – even if the arbitrator committed serious legal or factual error") (internal citation and quotation marks omitted); see also Domnarski,

13

919 F. Supp. 2d at 187 (noting that the First Circuit has explained that "undue means . . . describes underhanded or conniving ways of procuring an award that are similar to corruption or fraud, but do not precisely constitute either") (citing Nat'l Cas. Co. v. First State Ins. Grp., 430 F,3d 492, 499 (1st Cir. 2005)).

Accordingly, where Green Mountain has failed to contest the arbitration award in a timely manner for the reasons aforementioned and has failed to allege facts to overcome the public policy preferences in favor of enforcing the arbitration award, the Court ALLOWS NIIC's motion to dismiss, D. 21.

### D. Confirmation of the Arbitration Award

NIIC further argues that because Green Mountain's efforts to vacate the award fail, the Court must confirm the arbitration award. D. 22 at 9-10; see D. 32 at 4-5. "If a party fails to challenge an award properly under the established procedures within the permitted time period, then, under both the MAA and the FAA, a Court is required to confirm the award." Sunlink Corp., 2016 WL 7173754, at *5-6 (noting that "under the FAA, the Court 'must grant such an order [to confirm the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title'") (quoting 9 U.S.C. § 9) (emphasis omitted); Ebbe v. Concorde Inv. Serv., 392 F. Supp. 3d 228, 235 (D. Mass. 2019) (noting that "[u]pon receipt of such an application, unless the court vacates, modifies, or corrects the arbitration award pursuant to 9 U.S.C. §§ 10-11, it must confirm the award") (internal citation omitted). Because Green Mountain has failed to contest the arbitration award within the requisite time period provided by the FAA, and in light of the Court's allowance of NIIC's motion to dismiss, D. 21, the Court must confirm the award of $178,472.39 against Green Mountain. See Sunlink Corp., 2016 WL 7173754, at *5-6; Ebbe, 392 F. Supp. 3d at 242.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS NIIC's motion, D. 21, confirming the arbitration award, but otherwise dismissing this case.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge
